THE MOBERLY BUILDING & LOAN ASSOCIATION v. TRUE *et al.*, *Appellants.*

1. **Practice in Supreme Court:** BILL OF EXCEPTIONS. A bill of exceptions filed at the next term after the overruling of motions for new trial and in arrest and the perfecting of the appeal, under an order extending the time for the filing thereof made without consent of the parties, will not be considered by this court.
2. **A Petition upon a Penal Bond,** which was held good after verdict.

*Appeal from Randolph Circuit Court.*—HON. G. H. BURCK-HARTT, Judge.

AFFIRMED.

*O. T. Rouse* for appellants.

13—79

*J. E. Hazell* and *Draffen & Williams* for respondent.

WINSLOW, C.—This is an action on a penal bond, executed by defendants to plaintiff, the particulars of which will appear by the petition hereinafter copied. Judgment was rendered against defendants September 20th, 1879; motion for a new trial filed the same day; overruled September 24th; motion in arrest filed and overruled September 24th; and appeal perfected September 25th; all at the September term, 1879, of said court. December 31st, 1879, being an adjourned term of said September term, an order was duly entered of record, by consent of parties, extending the time for filing the bill of exceptions to the first day of the February term, 1880. And, thereafter, the following orders appear of record, omitting captions: "And afterward, to-wit, on the 31st day of January, 1880, the following entry was made of record: Time for filing bill of exceptions herein is extended to the last day of the regular term next." And afterward, to-wit, on the 13th day of February, 1880, it being the regular February term of said court, the following entry was made of record, to-wit: "Now come the defendants herein and file their bill of exceptions, which said bill is signed, sealed and made part of the record in this cause."

It will be seen from the orders copied above, that the last order extending the time for filing the bill of exceptions

1. PRACTICE IN SUPREME COURT: bill of exceptions.

was made without the consent of parties; which, under the rulings of this court precludes us from considering errors unless such as arise on the record proper.

The motion in arrest raises the question that the petition does not state facts sufficient to constitute a cause of

2. A PETITION UPON A PENAL BOND.

action. The petition is as follows: "Now at this day comes the plaintiff herein by its attorneys, and says it is a corporation organized under and by virtue of the statute laws of the State of Missouri, as

per article 7 of chapter 37 of Wagner's Missouri Statutes; that the object and general purpose of plaintiff as a corporation is to encourage and aid in building and improving real estate among its stockholders, and to that end to loan money to its stockholders to be used in building houses, and otherwise improve real estate; that William Coyle is a stockholder of plaintiff, and was at the date hereinafter set out; that plaintiff loaned said Coyle, on or about the 7th day of November, 1877, $700, to be by him used in the building of a residence, and other improvements on lots then owned by said Coyle in the city of Moberly, Missouri, to-wit: Lots 2 and 3, block 7, in Hunt & Godfrey's addition to Moberly, and received from said Coyle a note for same, secured by deed of trust on said lots; that defendant herein contracted with said Coyle and agreed and undertook to furnish materials and build said house and improvements for a price and sum between said Coyle and defendants agreed; that in consideration of the premises, defendants, by their penal bond herewith filed, by them duly executed and delivered to plaintiff, bound themselves to this plaintiff in the penal sum of $325 to build said house well and truly according to plans and specifications, and to faithfully pay all parties who should furnish any materials for or do any work on said house, and deliver the house free from any incumbrance done by them, to said Coyle; that said lot and house, clear of incumbrance, after completion according to plans and specifications, was not more than an adequate security for the money loaned by plaintiff to said Coyle; that defendants have violated and broken the conditions of said bond in this: That one P. H. Nise furnished hardware and other materials to be used in said house at the instance and solicitation of defendants to the amount of $57.25, all the particulars and items of which will more fully appear by an itemized account herewith filed and marked exhibit "A," and the same was by defendants used in the construction of said house; that said bill of hardware, etc., so furnished by said Nise was a first lien on said

house and lot of said Coyle, and diminished the amount of plaintiff's surety that amount; that defendants failed and refused and still neglect and refuse to pay said bill, and the plaintiff, in order to save its security under the deed of trust above mentioned, and to prevent said house and lot from being sold to pay said bill, was compelled to assume and pay the same, and plaintiff says by the acts and failure of defendants aforesaid, it is damaged $57.25.

There was a special demurrer to this petition, which the court overruled, and the defendants answered and went to trial on its merits, thus waiving all formal defects. We are unable to perceive any reasons, appearing on the face of this petition, to render it bad after verdict; and counsel for appellants has not been able to point us to any. The only objection made by him, fairly arising on the face of the petition, is, that conclusions of law are stated; but he fails to designate such conclusions; and to sustain his other objections, he is obliged to go outside and refer to the evidence. We think the petition good after verdict; and, no other errors of record being suggested, that the judgment should be affirmed. All concur.